■ In the Matter of Westchester County Department of

SOCIAL SERVICES, on Behalf of ANGEL A. and Another, Children Alleged to be Neglected, Respondent, v NATHAN D., Appellant. [628 NYS2d 133] —In a proceeding pursuant to Social Services Law § 384-b to terminate parental rights based upon permanent neglect, Nathan D. appeals from two orders of disposition of the Family Court, Westchester County (Braslow, J.), both entered September 8, 1994 (one as to each child, Angel A. and Demond D.), which, upon two fact-finding orders of the same court, both entered April 20, 1993 (one as to each child), which, *inter alia,* after a hearing, found that the children, Angel A. and Demond D., had been permanently neglected, terminated his parental rights.

Ordered that the orders of disposition are affirmed, without costs or disbursements.

It is well settled that when a child-care agency has custody of a child and brings a proceeding to terminate parental rights on the ground of permanent neglect, it must prove by clear and convincing evidence that it exercised diligent efforts to strengthen the parental relationship and to reunite the family *(see, Matter of Star Leslie W.,* 63 NY2d 136; *Matter of Sheila G.,* 61 NY2d 368). The diligent efforts must include counseling, making suitable arrangements for visitation, providing assistance to the parent to resolve or ameliorate the problems preventing discharge of the child to his or her care, and advising the parent at appropriate intervals of the child's progress and development *(see,* Social Services Law § 384-b [7] [f]; *Matter of Star Leslie W., supra).* The agency is not charged with the guarantee that the parent succeed in his or her predicament. However, it must show that it made reasonable attempts to remove the predicament *(see, Matter of Sheila G., supra).*

The record demonstrates that the Westchester County Department of Social Services met its burden of establishing by clear and convincing evidence that it exercised diligent efforts to strengthen the parental relationship. Furthermore, the record also establishes that the appellant permanently neglected the children and failed to plan for their future. Accordingly, there was a sufficient basis to support the determination of the Family Court, which properly terminated the appellant's parental rights.

The appellant's remaining contentions are without merit. Rosenblatt, J. P., Miller, Ritter and Krausman, JJ., concur.